UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICHARD FRANCIS,

    Plaintiff,

v.                                                      Case No. 3:22cv5106-LC-HTC

FLORIDA DEPARTMENT OF CORRECTIONS,
OFFICER J COMBS,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Richard Francis, proceeding *pro se*, initiated this action by filing a handwritten "notice of intent to file civil rights complaint." ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Because Plaintiff has failed to file an amended complaint, pay the filing fee, or file a motion to proceed *in forma pauperis*, the undersigned respectfully recommends this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with Court orders.

On April 13, 2022, the Court informed Plaintiff it does not accept a notice of intent to file suit and ordered Plaintiff to file an amended complaint on this Court's

form. ECF Doc. 3. The Court also directed Plaintiff to pay the full filing fee or file a motion to proceed *in forma pauperis*. *Id*. The Order warned Plaintiff his failure to comply may result in a recommendation that this case be dismissed for failure to prosecute or failure to comply with an order of the Court. *Id*.

In response to the Court's April 13, 2022 Order, Plaintiff filed a motion for extension of time, ECF Doc. 4, which was granted in part to allow Plaintiff until June 3, 2022, to comply with the Court's Order, ECF Doc. 5. Nonetheless, Plaintiff did not comply with that Order. Thus, on June 10, 2022, the Court gave Plaintiff another fourteen (14) days to show cause why this case should not be dismissed. ECF Doc. 6. That deadline has also passed without a response from Plaintiff.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Additionally, dismissal is also appropriate for failure to prosecute as Plaintiff has not filed anything with the Court in over two (2) months. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff

has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and failure to comply with Court orders.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 30th day of June, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:22cv5106-LC-HTC